**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**EDUARDO DOMINGUEZ,** *pro se,*

    **Plaintiff,**

v.                                                         **Case No. 8:10-cv-2793-T-30EAJ**

**LAKE COMO CLUB a/k/a LAKE COMO**
**CO-OP, INC., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Van Bradley' Motion to Dismiss (Dkt. 13) and Plaintiff Eduardo Dominguez's Response in opposition (Dkt. 18). Plaintiff, acting *pro se*, brings this action alleging national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. against his employer Lake Como Club and/or Lake Como Co-Op, Inc. ("Lake Como") and Van Bradley, an individual employee of Lake Como.

Bradley moves to dismiss the complaint as to any claims brought against him individually. Federal law is clear that liability under Title VII attaches only to "employers," not individual defendants. *See Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006). Accordingly, the complaint must be dismissed as to Defendant Bradley.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Van Bradley's (construed in the docket as General Manager) Motion to Dismiss (Dkt. 13) is GRANTED.

2. The claims against Defendant Van Bradley (construed in the docket as General Manager) are DISMISSED with prejudice.

3. The Clerk is directed to terminate Defendant Van Bradley (construed in the docket as an individual) as an improper party defendant.

**DONE** and **ORDERED** in Tampa, Florida on April 25, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-2793.mtd 13.frm