# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**EDUARDO DOMINGUEZ,** *pro se,*

    **Plaintiff,**

v.                           Case No. 8:10-cv-2793-T-30EAJ

**LAKE COMO CLUB**
**a/k/a LAKE COMO CO-OP, INC.,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (Dkt. 31), and Plaintiff's Response (Dkt. 33). Upon reviewing Defendant's Motion, Plaintiff's Response, and being otherwise advised in the premises, the Court concludes that the motion should be granted.

### **Background**

Plaintiff Eduardo Dominguez worked as a maintenance employee for Defendant Lake Como Club ("LCC"), a family-friendly nudist resort, from February 2006, until Nov. 14, 2008, when his employment was terminated.

In October, 2007, Plaintiff was at a bar with Mrs. Bradley, a non-employee, during non-working hours. While at the bar, Mrs. Bradley allegedly stated "I hate fuckin' [sic] Cubans." Her remark greatly offended Plaintiff, who is of Cuban descent, so he proceeded to complain to Mr. Bradley, General Manager of LCC, and Mrs. Bradley's husband. Upon

investigating the incident, Mr. Bradley concluded that Plaintiff had taken his wife's remarks out of context, but nonetheless directed her to apologize to Plaintiff, which she did.

Plaintiff contends that after he complained to Mr. Bradley, he and other employees proceeded to retaliate against him by, among other things, changing his lunch hour, prohibiting him from utilizing the resort amenities, threatening his job for smoking a cigarette, writing him up, and subjecting him to different terms and conditions of employment. He also contends that other employees, on approximately five occasions, made discriminatory comments towards him such as "well we don't have any Mexicans working here but we got the next best thing, a Cuban...."

As a result, Plaintiff brings various charges of discrimination under Title VII. While it is unclear exactly what claims he means to bring, it appears that he intends to state claims for disparate treatment discrimination, hostile work environment discrimination, and retaliation.

Defendant denies that it treated Plaintiff improperly. On the contrary, it claims that it discharged Plaintiff for his unacceptable behavior, citing three incidents in particular. First, Defendant points to an episode that took place almost a year after Bradley's wife allegedly made her derogatory comments. Specifically, in September, 2008, Mr. Dominguez drove up to a volunteer picking up stray cigarette butts on Lake Como grounds, and proceeded to flick a cigarette butt on the ground in front of the volunteer, stating "here pick this one up." Upon learning of this incident, Mr. Bradley issued Plaintiff a written warning, and told Plaintiff that he found this event "totally distasteful and intimidating." He also

stated that Plaintiff's disrespectful behavior discouraged volunteer efforts to beautify their community. Advising Plaintiff that he had been lenient with him with respect to a number of prior incidents, Mr. Bradley decided to suspend Plaintiff's use of Lake Como amenities for a period of seven days, and made Plaintiff sign a written warning. Mr. Dominguez did not deny flicking the cigarette butt.

The second incident occurred in November, 2008. Ms. German, a resident and employee of the park, informed Mr. Bradley that she had overheard Mr. Dominguez announce, in the Lake Como restaurant, that he had found some kittens and was looking for a home for them, and that he was going to make a sign saying "Free Pussy" and put the sign in front of Ms. German's tent. Mr. Bradley found such behavior unacceptable.

The third incident was discovered upon discussing the "Free Pussy" incident with Ms. German. Specifically, Ms. German informed Mr. Bradley that Mr. Dominguez had made a second inappropriate comment. Ms. German had owed Mr. Dominguez $30, and, when she saw him in the pool and attempted to put $30 on his towel, he stated: "Just give me $15 and a blow job." Mr. Bradley later found that this comment had also been overheard by a third party in the area. Although Mr. Dominguez stated that he was "just joking around," Ms. German and Mr. Bradley felt differently. As a result of Mr. Dominguez's disrespectful behavior, LCC terminated his employment for misconduct on November 14, 2008.

**Summary Judgment Standard**

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,

show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson,* 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248;

*Hoffman v. Allied Corp.,* 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

**Discussion**

Although it is somewhat unclear from Plaintiff's Complaint, he appears to allege Title VII disparate treatment, hostile work environment, and retaliation claims. In Plaintiff's Response, Plaintiff also asks this Court to delay the mediation date in this case, and to stay Defendant's Motion for Summary Judgment so Plaintiff can engage in discovery.

**A.  Plaintiff's Requests to Delay the Mediation Date, and to Stay Defendant's Motion for Summary Judgment so Plaintiff can Engage in Discovery**

As an initial matter, the Court concludes that Plaintiff's request to delay the mediation date is moot, as mediation has already taken place (*see* Dkt. 34). The Court also concludes that Plaintiff's construed motion to stay Defendant's Motion for Summary Judgment should be denied.

Plaintiff argues that, due to deficient discovery, he lacks sufficient facts to oppose Defendant's Motion for Summary Judgment, and, therefore, under Fed. R. Civ. P. 56(f), Defendant's motion should be stayed until Plaintiff has sufficient time to conduct discovery.

In order to postpone a summary judgment ruling, a party must show: (1) a description of the particular discovery the movant intends to seek; (2) an explanation showing how that discovery would preclude the entry of summary judgment; and (3) a statement justifying why this discovery had not been or could not have been obtained earlier. *Mir-Yepez v. Banco*

*Popular de Puerto Rico,* 560 F.3d 14, 16 (1st Cir. 2009), *see also Courtney v. Clark,* 2007 WL 28906807, at *1 (M.D. Ala. 2007).

Here, Plaintiff fails to meet elements two and three. First, he offers no explanation showing how discovery would preclude the entry of summary judgment. Second, Plaintiff fails to provide a reasonable justification as to why he failed to pursue discovery earlier.

Fact Discovery in this case closed on December 1, 2011 (*see* Dkt. 21). Instead of complying with the case management schedule, Plaintiff asked Defendant to provide discovery throughout December. When Defendant declined to provide Plaintiff's requested discovery, Plaintiff filed three motions to compel in early January, which the Magistrate Judge quickly denied for failure to comply with the local rules (*see* Dkt. 30). Plaintiff belatedly claims that he was misled by Defendant's counsel into believing that he could conduct discovery into December, and that he should not be punished for Defendant's wrongdoing.

Even assuming that Defendant misled Plaintiff, this fails to excuse Plaintiff's tardy conduct. First, Plaintiff has an obligation to abide by the deadlines in the case management schedule, as a *pro se* party is subject to the same law and rules of court as a litigant represented by counsel. *See, e.g., Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989). Second, if Plaintiff felt that an extension of time to conduct discovery was merited, Plaintiff should have promptly sought relief in this Court for the same, rather than waiting until the summary judgment stage to raise these concerns. In short, Plaintiff has failed to show that he could not have obtained his desired discovery earlier.

For all of the above reasons, the Court concludes that Plaintiff's construed motion to stay Defendant's Motion for Summary Judgment so that Plaintiff can engage in discovery should be denied.

**B.     Plaintiff's Disparate Treatment Discrimination Claim**

In order to state a prima facie case of disparate treatment discrimination, a plaintiff must demonstrate that: (1) he was member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position he held; and (4) similarly situated employees outside his protected class were treated more favorably.  *Knight v. Baptist Hosp. of Miami, Inc.,* 330 F.3d 1313, 1316 (11th Cir. 2003).

Although it is unclear what facts Plaintiff believes support his disparate treatment discrimination claim, the Court assumes that he intends to rely on all of his stated accusations; specifically, that he: (1) was subjected to insults; (2) was given undesirable work; (3) was otherwise unfairly treated; and (4) had his employment terminated.

If Plaintiff intends to rely on Mrs. Bradley's remark, and/or the alleged five other insensitive comments, the Court concludes that these acts cannot sustain his disparate treatment discrimination claim as they are not adverse employment actions.  Such relatively mild conduct fails to effectuate "a *serious and material* change in the terms, conditions, or privileges of employment," and thus cannot support Plaintiff's claim of disparate treatment discrimination.  *See Miller-Goodwin v. City of Panama City Beach, Fla.,* 385 Fed. Appx. 966, 970 (11th Cir. 2011), quoting *Davis v. Town of Lake Park, Fla.,* 245 F.3d 1232, 1239 (11th Cir. 2001) (emphasis in original).

Nor can Plaintiff sustain his disparate treatment claim based upon his other accusations (that he was terminated, given less desirable work, and otherwise unfairly treated). Assuming that all of these actions constituted adverse employment actions, Plaintiff's claim would nonetheless fail as he cannot show the fourth element, that similarly situated employees outside of his protected class were treated more favorably. Specifically, Plaintiff has failed to show that any employee making similarly offensive and embarrassing comments was better treated.[1]

For the foregoing reasons, the Court concludes that Defendant is entitled to summary judgment on Plaintiff's disparate treatment discrimination claim.

### C. Plaintiff's Hostile Work Environment Claim

Plaintiff appears to allege that he was subjected to a hostile work environment due to his national origin. In order to state a claim for a hostile work environment, a plaintiff must demonstrate that: (1) he belongs to a protected group; (2) he has been subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and thus create a discriminatorily abusive work environment; and (5) the employer is responsible for that environment. *Miller v. Kenworth of Dothan, Inc.,* 277 F.3d 1269, 1275 (11th Cir. 2002).

---

[1] Nor has Plaintiff produced any evidence tending to show that Defendant's proffered non-discriminatory reason for his termination was a mere pretext.

Here, the only alleged conduct which could be perceived as harassment based upon Plaintiff's protected characteristic (Cuban national origin) would be the alleged various derogatory comments made to Plaintiff by Bradley's wife and other employees.[2] These comments fail to state a claim for a hostile work environment as they are simply insufficiently severe to state a valid cause of action. Indeed, the Eleventh Circuit has affirmed the denial of hostile work environment claims alleging significantly more serious conduct. *See, e.g., Godoy v. Habersham Cty.,* 211 Fed. Appx. 850, 853-54 (11th Cir. 2005) (court affirmed summary judgment where, among other things, plaintiff endured racial slurs nearly every day, supervisor battered him, and told him "to go back to his boat and sail to South America where he belongs"); *Barrow v. Ga. Pacific Corp.,* 144 Fed. Appx. 54, 57 (11th Cir. 2005) (court affirmed summary judgment where plaintiff's supervisor threatened to "kick [his] black ass," co-workers displayed the rebel flag, bathroom had KKK graffiti, a noose was found in a locker, and supervisors called plaintiff "nigger," "black boy," and "dumb ass.").

The few, relatively isolated, comments alleged by Plaintiff were neither sufficiently severe nor pervasive to alter the terms and conditions of Plaintiff's employment, and thus failed to create a discriminatorily abusive working environment as a matter of law. As a result, Plaintiff's hostile work environment claim fails and Defendant is entitled to summary judgment on this issue.

---

[2] These include statements such as "well we don't have any Mexicans but we got the next best thing, a Cuban." Such statements were allegedly made by LCC employees on five different occasions in an eleven month period.

### D. Plaintiff's Retaliation Claim

In order to state a prima facie case of retaliation, a plaintiff must show that: (1) he engaged in statutorily protected conduct; (2) he suffered an adverse employment action; and; (3) there is some causal connection between the two events. *Alvarez v. Royal Atlantic Developers, Inc.,* 610 F.3d 1253, 1268 (11th Cir. 2010). Once a plaintiff establishes a prima facie case of retaliation, the burden then shifts back to the employer to provide a legitimate, non-discriminatory reason for its action,[3] which the plaintiff may then rebut by showing the employer's proffered reason to be a mere pretext for retaliation. *Brown v. Ala. Dept. of Trans.,* 597 F.3d 1160, 1181 (11th Cir. 2010)*; McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-804 (1973).

Here, Plaintiff contends that, after he complained about Mrs. Bradley's offensive comments, Defendant proceeded to retaliate against him by, among other things, giving him undesirable work assignments and terminating his employment. Plaintiff has utterly failed to provide any evidence showing that these alleged retaliatory acts were in any way related to Plaintiff's supposed protected activity of protesting Mrs. Bradley's remarks. As a result, Plaintiff's retaliation claim fails.

Assuming, however, that Plaintiff could make out a prima facie claim of retaliation, the burden would then shift to Defendant to provide a legitimate, non-discriminatory reason for its actions, which Plaintiff would then have to rebut. Here, Defendant has offered a legitimate reason for undertaking each alleged act of retaliation which could be considered

---

[3] When the evidence to support the claim of retaliation is circumstantial.

material, and Plaintiff has failed to present any evidence showing Defendant's proffered reasons to be merely pretextual. Accordingly, Plaintiff's retaliation claim fails for this reason as well. For the foregoing reasons, Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's construed Motion for Delay of the Mediation Date is hereby denied as moot.

2. Plaintiff's construed Motion to Stay Defendant's Motion for Summary Judgment to allow Plaintiff to engage in discovery is hereby denied.

3. Defendant Lake Como Club's Motion for Summary Judgment (Dkt. 31) is hereby granted.

4. The Clerk is directed to enter final summary judgment in favor of Defendant Lake Como Club and against Plaintiff Eduardo Dominguez.

5. The Clerk is directed to deny any pending motions as moot, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 4, 2012.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-2793.msj.31.frm